IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ALBANY CHAPTER ANI KUTANI    \*
NATIVE AMERICAN CHURCH, and    \*
DR. REV. REDELK IRONHORSE    \*
THOMAS,    \*
   \*
          Plaintiffs,    \*
   \*
VS.    \*     CASE NO. 1:06-CV-24 (CDL)
   \*
CITY OF ALBANY, TREASURER'S    \*
OFFICE, LICENSING DEPT.,    \*
   \*
          Defendant.    \*

## ORDER

Plaintiffs, ALBANY CHAPTER ANI KUTANI NATIVE AMERICAN CHURCH and DR. REV. REDELK IRONHORSE THOMAS, have filed suit against the City of Albany, Treasurer's Office, Licensing Department, in this Court. Pending before the Court is Plaintiff's motion to proceed *in forma pauperis.*

To state a viable § 1983 civil rights claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

Plaintiff specifically argues that Georgia State law requires that all ministers be

licensed within the county in which they reside. (R-2). Additionally, Plaintiff argues that

Georgia State law requires that any church must also be licensed. *Id.* Plaintiff argues that

the defendant denied him a city license to practice ceremonies as a Native American Clergy

in violation of his constitutional rights and these Georgia statutes. (R-2, p.2-3). Nowhere

in his complaint does Plaintiff articulate a constitutional claim that would invoke the

jurisdiction of this court.

Unless granted permission to proceed *in forma pauperis*, a Plaintiff is required to pay

a $350.00 fee for each and every suit before filing such. However, having reviewed the

complaint and Plaintiff's application to proceed *In Forma Pauperis,* it is evident that Plaintiff

has failed to state a federal constitutional claim. Instead, Plaintiff has alleged a suit based

upon the Georgia State Constitution, State of Georgia Agency Provisions and the Georgia

State Licensing Code. Therefore, it is hereby ORDERED that Plaintiff's application be

DENIED as venue is not proper in this court. The action should be filed, if at all, in the

Superior Court of Dougherty County.

**SO ORDERED**, this 6th day of June, 2006 .

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE